## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-41014 |
| STC Inc., | ) | |
| | ) | Proceedings Under Chapter 11 |
| Debtor. | ) | |

### APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 329 AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILMER CUTLER PICKERING HALE AND DORR LLP AS SPECIAL APPELLATE COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION

STC Inc. ("STC"), the debtor and debtor-in-possession, hereby submits this application (the "Application") for entry of an order authorizing STC to employ and retain Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale" or the "Firm") as special appellate counsel to represent STC in *Global Traffic Technologies LLC v. Rodney K. Morgan, KM Enterprises, Inc. and STC, Inc.*, Nos. 2014-1547, -1566 (Ct. App. Fed. Cir.) (the "Appeal"). In support of this Application, STC respectfully states as follows:[1]

### Jurisdiction

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 327(a) and 329 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

---

[1] The facts and circumstances supporting this Motion are set forth in the Affidavit of Brad Cross in Support of First Day Motions, filed contemporaneously herewith.

### The Patent Appeal

4.    STC's largest creditor, Global Traffic Technologies, LLC ("GTT"), holds a judgment against STC from the United States District Court for the District of Minnesota, in a case known as *Global Traffic Technologies, LLC v. Emtrac Systems, Inc.*, et al., Case No. 10-4110.

5.    STC has filed the Appeal of the Judgment, and STC filed its opening brief on September 8, 2014.

6.    STC requires appellate counsel to represent its interests in the Appeal. Given the size of GTT's judgment, the Appeal and its outcome will have a significant impact on the direction of the bankruptcy case itself, STC's plan and STC's future operations. The Appeal is, therefore, essential to STC's bankruptcy case. Consequently, STC and its bankruptcy estate require representation in the Appeal.

7.    WilmerHale previously agreed to terms that are particularly suitable to a debtor in possession like STC. WilmerHale agreed to a fixed fee of $50,000 to represent STC in the Appeal, all of which was paid in full prior to the filing of this case, plus a success bonus of $200,000 if, and only if, STC prevails in the Appeal. The $200,000 success bonus will be due if the United States Court of Appeals for the Federal Circuit enters a judgment that reverses or vacates the judgment of the District Court. Consequently, STC will not be obligated to pay any hourly or other amounts in connection with the Appeal, other than the potential success fee.

### Relief Requested

8.    By this Application, STC seeks to employ and retain WilmerHale pursuant to sections 327 and 329 of the Bankruptcy Code as its special Appellate counsel in this chapter

11 case, as more fully described below. Accordingly, STC respectfully requests entry of an order under sections 327(a) and 329 of the Bankruptcy Code, authorizing it to employ and retain WilmerHale as its special appellate counsel to represent STC in the Appeal.

9.   WilmerHale is particularly qualified to serve as special appellate counsel for STC during its chapter 11 case.

10.   WilmerHale has extensive experience and knowledge in handling appeals of patent cases in the Court of Appeals for the Federal Circuit. Accordingly, STC believes that WilmerHale is well qualified to represent STC in the Appeal. WilmerHale will provide its expertise with respect to appellate and patent law and will act as special counsel to STC to handle the Appeal.

11.   Subject to this Court's approval, WilmerHale's only compensation will be the success fee described above if the Court of Appeals enters a judgment that reverses or vacates the judgment of the District Court.

### WilmerHale's Disinterestedness

12.   To the best of STC's knowledge, and as disclosed in the declaration of Louis W. Tompros, submitted contemporaneously herewith (the "Tompros Affidavit"), (a) WilmerHale does not hold or represent an interest adverse to STC's estate and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (b) WilmerHale has no connection to STC, its creditors or its related parties herein, except as disclosed in the Tompros Affidavit.

13.   Except as disclosed in the Tompros Affidavit:

a.   Neither WilmerHale nor any lawyer at the Firm holds or represents an interest adverse to STC's estate.

3

b. Neither WilmerHale nor any lawyer at the Firm is or was a creditor, an equity security holder or an insider of STC.

c. Neither WilmerHale nor any lawyer at the Firm is or was an investment banker for any outstanding security of STC.

d. Neither WilmerHale nor any lawyer at the Firm is or was, within three (3) years before the Petition Date, an investment banker for a security of STC, or an attorney for an investment banker in connection with the offer, sale or issuance of any security of STC.

e. Neither WilmerHale nor any lawyer at the Firm is or was ever a director, officer or employee of STC or of an investment banker of STC.

f. WilmerHale does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in STC or an investment banker specified in the foregoing paragraphs, or for any other reason.

g. No lawyer at WilmerHale is related to any United States District Judge or United States Bankruptcy Judge for the Southern District of Illinois or to the United States Trustee for such district or to any known employee in the office thereof.

14. WilmerHale will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, WilmerHale will supplement its disclosure to the Court.

4

## Scope of Services

15.    STC believes that the legal services provided by WilmerHale will not duplicate the services that any other professionals, including other legal counsel handling the bankruptcy representation for STC, may provide to STC in this case.  WilmerHale is the only appellate counsel for STC.  WilmerHale has agreed to use reasonable efforts, including coordinating efforts with any other retained professionals, to avoid duplicating services provided by other professionals advising STC.

16.    WilmerHale will provide such legal services as WilmerHale and STC shall deem appropriate and feasible to assist STC in the course of this chapter 11 case, including but not limited to the following:

(i)    Represent STC in connection with the Appeal up to and through oral argument and judgment by the United States Court of Appeals for the Federal Circuit.

## Terms of Retention

17.    As noted above, the terms of WilmerHale's retention are particularly well-suited to a debtor in possession because no fees will be paid by STC unless and until STC is successful in the Appeal.  Subject to this Court's approval, WilmerHale will be entitled to future compensation only in the form of the success fee of $200,000 if the Appeal is successful, which would result in the removal of a claim in excess of $8 million against STC's bankruptcy estate. STC believes, and therefore avers, that the terms and conditions of WilmerHale's employment are reasonable.

18.    WilmerHale anticipates that the primary lawyer responsible for the Appeal will be Louis Tompros.

19.    STC requests that the Court determine at the outset of WilmerHale's retention that WilmerHale's contingent fee arrangement with STC constitutes reasonable compensation for actual, necessary services rendered and to be rendered to STC. WilmerHale will file an application for the allowance of its post-petition fees at the conclusion of its representation of STC in the Appeal, if any fees are then due, but STC requests that the Court order that, in light of the contingent fee nature of WilmerHale's retention, WilmerHale need not submit reports on professional time spent or the rates that would otherwise be charged for such service on an hourly basis.

20.    STC believes that the compensation arrangement described herein is reasonable and appropriate for services of this nature and is consistent with the compensation arrangements charged by WilmerHale in other cases in which WilmerHalehas been retained to perform similar legal services.

21.    Notwithstanding anything contained herein to the contrary, all of WilmerHale's fees and expenses in this case will be subject to approval of the Court upon proper application by WilmerHale in accordance with the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Rule 2016-2, the fee and expense guidelines established by the United States Trustee and any other applicable requirements.

22.    Other than as set forth above, no arrangement is proposed between STC and WilmerHale for compensation to be paid in this case.

23.    WilmerHale has no agreement with any entity to share any compensation received, nor will any be made, except as permitted under section 504(b) of the Bankruptcy Code.

## Notice

24.    Notice of this Application will be given to the following entities and/or its counsel: (i) prepetition lender, Peoples National Bank (ii) the United States Trustee for the Southern District of Illinois, (iii) the holders of the twenty (20) largest unsecured claims against STC's estate, (iv) Global Traffic Technologies, LLC; and (v) certain other parties identified in the certificate of service filed with the Court.  In light of the nature of the relief requested, STC submits that no further notice is required.

## No Prior Request

25.    No prior Application for the relief requested herein has been made by STC to this or any other court.

WHEREFORE, STC respectfully requests the entry of an order (i) authorizing and approving the retention and employment by STC of WilmerHale as its special appellate counsel to represent STC in the Appeal, with the success fee and reimbursement of expenses to be paid as an administrative expense as may be allowed by this Court pursuant to the Bankruptcy Code; and (ii) granting such other and further relief as this Court deems just and proper.

Dated this 25th day of September 2014.

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.


By:   /s/ John J. Hall
      Larry E.  Parres
      John J.  Hall

600 Washington Ave., Suite 2500
St.  Louis, MO 63101
Phone:  (314) 444-7600
Fax:  (314) 612-7660
E-Mail:  lparres@lewisrice.com
         jhall@lewisrice.com

Attorneys for Debtor

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served on the persons who participate in the CM/ECF system of the United States Bankruptcy Court for the Southern District of Illinois or via U.S. Mail, postage prepaid to all creditors and parties-in-interest listed on the attached mailing matrix and to the following this 25th day of September 2014:

Advanced Circuits
21101 East 32nd Parkway
Aurora, CO 80011

Alltell
P.O. Box 6546
Carol Stream, IL 60197-6546

Arrow Electronics
514 Earth City Expy #321
Earth City, MO 63045

Blue Cross/Blue Shield of Illinois
300 East Randolph Street
Chicago, IL 60601

City of McLeansboro
102 W. Main St.
McLeansboro, IL 62859

City of McLeansboro (Gas-Water-Sew)
102 W. Main Street
Dahlgren, IL 62828

Congenia Partners, LLC
101 H Street
Suite A
Petaluma, CA 94952

Digi-Key Corp 12238
701 Brooks Ave. South
P.O. Box 677
Thief River Falls, MN 56701-0677

Hamilton County Communications
P.O. Box 40
Dahlgren, IL 62828

EIS-Inc.
2018 Powers Ferry Road
Ste 500
Atlanta, GA 30339

Electro-Core, Inc.
P.O. Box 1727
Washington, MO 63090-8727

Foremost Insurance Company
PO Box 2487
Grand Rapids, MI 49501-2487

Frontier Communications
P.O. Box 1003, MC-WA0102SE
Everett, WA 98206-1003

Garmin
1200 E. 151st Street
Olathe, KS 66062

Global Traffic Technologies, LLC
c/o Robert G. Markoff
Markoff Law LLC
29 N. Wacker Drive #50
Chicago, IL 60606

Global Traffic Technologies, LLC
c/o James W. Poradek
Faegre Baker Daniels, L.L.P.
311 S. Wacker Drive, Suite 4400
Chicago, IL 60606

Global Traffic Technologies, LLC
7800 3rd Street N.
Building 100
Saint Paul, MN 55128-5441

ISB, Inc.
6295 E. IL Highway 15
Woodlawn, IL 62898-4315

John Hundley
1115 Harrison Street
P.O. Box 906
Mount Vernon, IL 62864

KM Enterprise, Inc.
320 S. 11th Street
Mount Vernon, IL 62864

Lamination Specialties
235 N. Artesian Ave.
Chicago, IL 60612

McMaster-Carr Supply Co.
P.O. Box 7690
Chicago, IL 60680-7690

Metalphoto of Cincinnati
1080 Skillman Drive
Cincinnati, OH 45215

Mouser Electronics
1000 North Main St.
Mansfield, TX 76063

Peoples National Bank
200 E. Randolph Street
McLeansboro, IL 62859

Superior Essex
P.O. Box 90413
Chicago, IL 60696

Dennis M. Ryan
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

George R. Mesires
Faegre Baker Daniels LLP
311 South Wacker Drive, Suite 4300
Chicago, IL 60606

Symmetry Electronics, Corp.
5400 Rosecrans Avenue
Hawthorne, CA 90250

Tessco
11126 McCormick Rd.
Hunt Valley, MD 21031

TTI Inc.
P.O. Drawer 99111
Fort Worth, TX 76199-0111

Wayne-White Electric Cooperative
1501 W Main St.
Fairfield, IL 62837

United States Trustee
Becker Bldg, Room 1100
401 Main St
Peoria, IL 61602

Aitken Klee LLP
100 Queen Street, Suite 300
Ottawa, ON K1P 1J9

Global Traffic Technologies Canada
157 Adelaide Street West
Suite 448
Toronto, ON M5H 4E7

David Farrell
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Synchrony Bank
c/o Recovery Management Systems
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

/s/ John J. Hall