UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In re:<br><br>STC Inc.,<br>                Debtor, | )<br>)<br>) Case No. 14-41014<br>)<br>) Chapter 11<br>)<br>) |

**GLOBAL TRAFFIC TECHNOLOGIES, LLC'S RESPONSE TO DEBTOR'S MOTION TO CONFIRM THAT AUTOMATIC STAY DOES NOT APPLY TO DEBTOR'S APPEAL AND TO CONFIRM DEBTOR'S RIGHT TO CONTINUE IN THE APPEAL**

Global Traffic Technologies, LLC ("GTT") files this response to the Motion to Confirm that Automatic Stay Does Not Apply to Debtor's Appeal and to Confirm Debtor's Right to Continue in the Appeal (the "Motion") filed by Debtor STC, Inc. ("STC"). [Docket No. 34].

**Background**

GTT and STC are parties to a patent infringement case, *Global Traffic Technologies, LLC v. Rodney K. Morgan, STC, Inc., and KM Enterprises, Inc.*, Case No. 10-4110 in the United States District Court for the District of Minnesota (the "Lawsuit").[1]

On May 16, 2014, the District Court entered judgment in favor of GTT in the Lawsuit against STC and two other defendants, Rodney K. Morgan ("Morgan") and KME Enterprises, Inc. ("KME," and together with STC and Morgan, the "Patent Defendants"), for infringement of a patent held by GTT (the "Judgment"). The Judgment amount is greater than $8.5 million.

On June 6 and June 13, 2014, defendants Morgan and KME, and STC filed notices of appeal of the Judgment, respectively, each with the United States Court of Appeals for the Federal Circuit ("Court of Appeals"), Case No. 2014-1537 (the "Appeal").

---

[1] Case caption is shown as listed on final judgment entered by the United States District Court for the District of Minnesota on May 16, 2014.

STC filed its opening brief in the Appeal on September 8, 2014. Three days later, on September 11, 2014, STC filed its voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Petition"), which commenced this proceeding.

STC did not notify the Court of Appeals that it had filed the Petition. After a week passed, on September 17, 2014, GTT filed a notice with the Court of Appeals, attaching the Petition (the "Notice"). A copy of the Notice is attached hereto as Exhibit A. The Notice advised the Court that STC had filed the Petition and that under Federal Circuit Rule 47.10, the automatic stay applies to stay the Appeal.

On September 18, 2014, STC filed the Motion with this Court, asserting that the automatic stay "does not apply to the Appeal." STC filed a Response to the Notice on the same day with the Court of Appeals, which makes the same argument.

## RESPONSE

STC contends that the automatic stay does not apply to the Appeal. The plain language of section 362, the case law interpreting the application of the automatic stay in appeals, and Federal Circuit Rule 47.10, however, do not support STC's position.

First, section 362 states that the automatic stay is "applicable **to all entities**." 11 U.S.C. §362(a) (emphasis added). This language indicates that the automatic stay has broad application to both non-debtor parties and the debtor.

Second, the case law from the circuit where the Lawsuit was venued and the case law from the circuit where the Appeal is venued hold that the automatic stay applies to a debtor-in-possession pursuing an appeal. *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993) ( "an appeal brought by a debtor from a judgment obtained against it as a defendant is subject to the automatic stay"); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1365 (Fed. Cir. 1999) (an appeal in this Court is stayed "by operation of law" under the automatic stay of 11 U.S.C. § 362). This view appears to be

the "unanimous view of the courts of appeals." 10-6009 Collier on Bankruptcy P 6009.04 (16th ed. 2014) ("the unanimous view of the courts of appeals is that relief from the automatic stay is needed for anyone, including the trustee or debtor in possession, to take or prosecute an appeal in a case where the debtor is the defendant.").

<u>Third</u>, Federal Circuit Rule 47.10 acknowledges that the automatic stay applies to appeals. Federal Circuit Rule 47.10 ("Dismissal of a Bankruptcy Stay Case. An appeal stayed in accordance with the bankruptcy stay provisions of 11 U.S.C. § 362 may be dismissed by the clerk without prejudice to the appellant reinstating the appeal within 30 days after the stay is lifted or the bankruptcy proceeding ends.).

GTT is not attempting to hinder STC's pursuit of the Appeal, as STC alleges in the Motion. Rather, GTT requests that the Court place STC, GTT, and the other parties to the Appeal on equal footing regardless of how the Court may interpret the applicability of the automatic stay.

WHEREFORE, to the extent the Court finds that the automatic stay applies to the Appeal, and that relief from the stay is needed by parties to continue the Appeal, GTT respectfully requests that the Court grant relief from the automatic stay as to *all* parties to the Appeal. Alternatively, should the Court rule that the automatic stay does not apply to the Appeal, GTT respectfully requests that the Court's order acknowledge that all parties, including GTT and STC, may pursue their interests with respect to the Appeal.

Dated: October 8, 2014    */s/* George R. Mesires
George R. Mesires (IL Bar No. 6276952)
Faegre Baker Daniels LLP
311 South Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501
Email: george.mesires@FaegreBD.com
*Attorneys for Global Traffic Technologies, LLC*

**UNSWORN CERTIFICATE OF SERVICE**

      I, Donna R. Oberg, declare under penalty of perjury that on October 8, 2014, the foregoing Response to the Motion to Confirm that Automatic Stay Does Not Apply to Debtor's Appeal and to Confirm Debtor's Right to Continue in the Appeal was served via ECF by the Bankruptcy Court in the Southern District of Illinois on the persons who requested electronic service in this case.

Executed on: October 8, 2014                          Signed: */s/ Donna R. Oberg*